IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN TERNA and ANDREA TERNA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:16-CV-03461 |
| V. | § | |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Magistrate Judge upon referral from the District Judge is Defendant's Motion to Dismiss with Prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) (Document No. 13). Having considered the motion, Plaintiffs' Response (Document No. 14), Defendant's Reply (Document No. 15), the allegations in Plaintiffs' Original Petition (Document No. 1), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss (Document No. 13) be GRANTED and that Plaintiffs' claims be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) for failure to state a claim.

I.  **Background and Procedural History**

On October 24, 2015, Plaintiffs Kevin Terna and Andrea Terna ("Plaintiffs") initiated this suit in the 284th Judicial District Court of Montgomery County, Texas, Case No. 16-10-12353, against Wells Fargo Bank, N.A. ("Wells Fargo"), seeking injunctive relief to prevent the foreclosure of the real property located at 22092 Stone Creek Lane, Montgomery, Texas (the "Property") and their eviction therefrom. Wells Fargo timely removed the case to this Court on

the basis of diversity jurisdiction, and promptly filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim (Document No. 13).

In their Original Petition (Document No. 1-3), Plaintiffs assert claims against Wells Fargo for: (1) anticipatory breach of contract; (2) common law fraud; and (3) promissory estoppel. The background allegations in support of those three claims are as follows:

> 6. The subject matter of this lawsuit is the real property and the improvements thereon located at 22092 Stone Creek Lane, Montgomery, TX 77316 (the "Property").
>
> 7. The Property was purchased by Kevin and Andrea Terna ("Ternas") on or about April 18, 2008. During the process of purchasing the Property, Ternas signed a Note in the amount of $253,000.00 as well as a Deed of Trust in which Earth Mortgage was listed as the Lender.
>
> 8. Upon information and belief, the Note and the Deed of Trust were subsequently transferred to Wells Fargo Bank, N.A. ("Wells Fargo") which also acted as the loan servicer.
>
> 9. Plaintiffs began to have financial difficulties during the term of the loan as a result of severe flooding which occurred in May 2016 due to Kevin Terna's job being located in the Cypress, TX area. Realizing they may soon become in default on their mortgage payments due to Kevin Terna's inability to work, Plaintiffs contacted Wells Fargo's representatives, who informed Plaintiffs that, as part of a disaster relief program, Wells Fargo would enter into a forbearance agreement with Plaintiffs whereby Plaintiffs' June, July, and August 2016 mortgage payments would be deferred to the end of the mortgage loan. Wells Fargo representatives informed Plaintiffs that their loan would be modified to reflect this revision to their loan agreement and that they would send documents for Plaintiffs to sign once the modification had been completed.
>
> 10. Plaintiffs sent their normal mortgage payment to Wells Fargo for September 2016; however, their payment was rejected and sent back by Wells Fargo. Plaintiffs contacted Wells Fargo and the representative explained that the Wells Fargo corporate office rejected their three month deferment program due to some FEMA regulations and that the entire amount due for the June, July, and August mortgage payments, as well as the September 2016 had to be paid in full immediately. Plaintiffs were stunned by this information and sought mercy from Wells Fargo multiple times, to no avail.

11. Plaintiffs subsequently received a Notice of Substitute Trustee Sale informing them that Wells Fargo was going to sell their Property at a foreclosure sale on November 1, 2016.

12. Accordingly, Plaintiffs allege that Wells Fargo [was] about to wrongfully conduct a foreclosure sale of their Property on November 1, 2016, in violation of the agreement between the parties and in defiance of Plaintiffs' legal rights.

Plaintiffs' Original Petition (Document No. 1-3 at 3-4).

In its Motion to Dismiss, Wells Fargo argues that the Ternas have not and cannot state viable claims for anticipatory breach of contract, common law fraud, and promissory estoppel because (1) the breach of contract claim is barred by Texas' Statute of Frauds; (2) the Ternas have not adequately alleged the elements of a fraud claim and have not alleged fraud with the particularity required by FED. R. CIV. P. 9(b); (3) the economic loss rule bars any monetary recovery on the Ternas' claims; and (4) the promissory estoppel claim is barred by Texas' Statute of Frauds. In response to the motion, Plaintiffs maintain they have stated viable claims because they name a separate stand-alone agreement, not a modification of an existing written loan agreement, and therefore Texas' Statute of Frauds does not apply.

## II. Standard of Review

### A. 12(b)(6)

FED. R. CIV. P. 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Plausibility, not sheer possibility or even conceivability, is required to survive at Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-57; *Iqbal*, 129 S.Ct. at 1950-51.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950.

### B.    9(b)

FED. R. CIV. P. 9(b) imposes a heightened level of pleading for fraud claims and requires a party alleging a common law fraud claim to plead the surrounding circumstances with particularity. FED. R. CIV. P. 9(b); *see Tuchman v. DSC Comm'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994), *cert denied*, 522 U.S. 966 (1997). In the Fifth Circuit, this requires the plaintiff to include allegations of "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what the person obtained thereby." *Tuchman*, 14 F.3d at 1068; *see also Am. Realty, Inc. v. Hamilton Lane Advisors*, 115 Fed. Appx. 662 (5th Cir. 2004) (noting that Rule 9(b) requirements have not been articulated in

great detail because what constitutes particularity differs with the facts of each case). The plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). Further, although particularity is relaxed for scienter, pleading scienter requires more than simple allegations and a plaintiff must provide specific facts to support an inference of fraud. *Am. Realty*, 115 Fed. Appx. at 667; *Tuchman*, 14 F.3d at 1068. A dismissal for failure to comply with Rule 9(b) is a dismissal on the pleadings for failure to state a claim. *United States ex. Rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999).

### III. Discussion

The three claims Plaintiffs assert in this case have been repeatedly rejected by Courts in this District on substantially similar allegations. *See Ndukwe v. HSBC Bank USA, et al.*, Civil Action No. H-14-400, 2014 WL 1653088 (S.D. Tex. April 24, 2014); *Uddin v. HSBC Bank USA, et al.*, Civil Action No. H-11-104, 2014 WL 1614351 (S.D. Tex. April 21, 2014); and Memorandum and Order (Document No. 10) in *Wine v. U.S. Bank N.A.*, Civil Action No. H-13-3634 (S.D. Tex. March 13, 2014). With respect to the anticipatory breach of contract claim, Wells Fargo argues, and the cases uniformly confirm, that such a claim fails under Texas' Statute of Frauds. Similarly, Plaintiffs' common law fraud claim, in addition to not meeting the pleading requirements of FED. R. CIV. P. 9(b), also fails under the "economic loss rule." Finally, Plaintiffs' promissory estoppel claim is defeated by Texas' Statute of Frauds and the absence of any

allegation in Plaintiffs' Original Petition that Wells Fargo promised to sign an already existing written agreement.

A. **Breach of Contract Claim**

In their anticipatory breach of contract claim, Plaintiffs allege, in addition to the background facts set forth above, that the actions committed by Wells Fargo constitute anticipatory breach of contract because there was "a valid, enforceable contract between Ternas and Wells Fargo," "Ternas performed, tendered performance or was excused from performing contractual obligations," and "Ternas anticipate that Wells Fargo is about to breach their contract," which will cause Ternas to lose the Property. Plaintiff's Original Petition (Document No. 1-3 at 4).

In Texas, "[a] loan agreement in which the amount involved exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b); *see also* TEX. BUS. & COM. CODE § 26.01(b)(6) ("an agreement which is not to be performed within one year from the date of making the agreement" must be in writing to be enforceable). In this case, Plaintiffs' anticipatory breach of contract claim is based on an alleged *oral* agreement that Wells Fargo would forebear foreclosure while Plaintiffs sought a loan modification. Because such an oral agreement would have altered the terms of the parties' written loan agreement, which exceeded $50,000 in value,[1] such an oral agreement is unenforceable under Texas' Statute of Frauds. *Bank of Texas, N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.-Dallas 2009, review dism'd w.o.j.). Given the absence of a written agreement, signed by Plaintiffs and Wells Fargo, that specifically altered the terms of the parties' loan agreement, Plaintiffs' anticipatory breach of contract claim

---

[1] The Deed of Trust, dated April 18, 2008, references a promissory note in the amount of $253,000. Exhibit 2 to Plaintiff's Original Petition (Document No. 1-3).

6

fails upon the application of Texas' Statute of Frauds and is subject to dismissal pursuant to Rule 12(b)(6). *Gaubert*, 286 S.W.3d at 555-556; *James v. Wells Fargo Bank, N.A.*, No. 12-10861, 533 F.App'x 444, 447 (5th Cir. May 3, 2013); *Ramming v. JP Morgan Chase Bank, N.A.*, Civil Action No. H-10-5011, 2012 WL 1122791 (S.D. Tex. April 3, 2012); *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, Civil Action No. H-10-3828, 2011 WL 6250785 (S.D. Tex. Dec. 14, 2011). That determination is not affected by Plaintiffs' argument that Wells Fargo induced them to default on the Note with promises that it would not pursue foreclosure while their request for a loan modification was pending. Such an estoppel-by-waiver argument has been directly rejected by this Court, *see Ndukwe*, 2014 WL 1653088 at *5, *Uddin*, 2014 WL 1614351 at *3, and indirectly rejected by the Fifth Circuit Court of Appeals. *Milton v. U.S. Bank, N.A.*, No. 12-40742, 508 F.App'x 326, 329 (5th Cir. Jan. 18, 2013).

**B. Common Law Fraud Claim**

With respect to their common law fraud claim, Plaintiffs allege, in addition to the background facts set forth above, that:

> 16. The actions committed by Wells Fargo constitute common law fraud because Wells Fargo representatives made false and material representations to Ternas when informing them that, as part of a disaster relief program, Wells Fargo would enter into a forbearance agreement with Ternas whereby Ternas' June, July, and August 2016 mortgage payments would be deferred to the end of the mortgage loan and that Ternas' loan would be modified to reflect this revision to their loan agreement and that Wells Fargo would send documents for Ternas to sign once the modification had been completed. Wells Fargo's representatives knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, Wells Fargo's representatives made the representations with the intent that Ternas act on them and Ternas relied on these representations which would cause Ternas' injury – the loss of their home.

Plaintiffs' Original Petition (Document No. 1-3) at 5.

Plaintiffs' allegations of fraud in their Original Complaint do not meet the heightened pleading requirements of FED. R. CIV. P. 9(b). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." That entails setting forth the "particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DCS Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.) (quoting *Tel-Phonic Services, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)), *reh'g and reh'g en banc denied*, 20 F.3d 1172 (5th Cir. 1994). Here, there are no particulars as to the person making the alleged misrepresentation, and no allegations as to what was gained by the alleged misrepresentations. Plaintiffs' fraud claim has not been pled with the specificity required by Rule 9(b), and it is subject to dismissal.

In addition, Plaintiffs' allegations in their Original Petition do not state a claim for fraud as a matter of law. In Texas, the elements of a claim of fraud by misrepresentation are: "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Here, while Plaintiffs allege that Wells Fargo led them to believe that it would not foreclose while they were in the process of seeking a loan modification, that conduct does not constitute a misstatement of an existing fact. *See Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338 at *6 (N.D. Tex. 2011) ("Defendants correctly argue that the alleged promise to modify the note and delay foreclosure in the future is not a statement of an existing fact."); *see also Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex.App.-Amarillo 2007) (for negligent misrepresentation claim, the false representation "must be a misstatement of an existing fact rather than a promise of future conduct"). Also, Plaintiffs' fraud claim, which is based on

essentially the same allegations as Plaintiffs' breach of contract claim, fails as a matter of law because it is barred by Texas' Statute of Frauds. *See Salazar v. BAC Home Loans Servicing*, 2012 WL 995296 at *3 (N.D. Tex. 2012) (fact that plaintiff "couch[ed] her claim as a cause of action for fraud does not shield it from the statute of frauds"); *see also Leach v. Conoco, Inc.*, 892 S.W.2d 954, 961 (Tex. App.-Houston [1st Dist.] 1995, writ dism'd w.o.j.) (where oral promise was found unenforceable under the Statute of Frauds, a cause of action for fraud based on that same oral promise was barred by the Statute of Frauds).

Finally, Plaintiffs' fraud claims fail under the "economic loss rule," which provides, "when a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, the plaintiff is precluded from proceeding under a [tort] claim of action," *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155 at *5 (N.D. Tex. 2012) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)); *Hayes v. Bank of Am., N.A.*, No. 4:13-CV-760-A, 2014 WL 308129, at *5 (N.D. Tex. Jan. 27, 2014) ("because plaintiff's tort claims for fraud and negligent misrepresentation 'flow solely from the note and deed of trust,' they are barred by the economic loss rule and must be dismissed"), and/or Texas' Statute of Frauds, which provides that oral agreements related to real property, or which purport to modify a loan agreement worth more than $50,000, are unenforceable. *See* TEX. BUS. & COM. CODE §§ 26.01, 26.02; *see e.g. Young v. Deutsche Bank National Trust Co.*, Civil Action No. H-14-1449, 2014 WL 4386028, at *3-4 (S.D. Tex. Sept. 4, 2014) (dismissing plaintiff's common law fraud claims, which were based on allegations that defendants would not take any action to foreclose while a loan modification was sought, for failing to meet the heightened pleading requirements under Rule 9(b) and as barred by the economic loss rule and the Statute of Frauds); *Hua v. Wells Fargo Bank, Nat. Ass'n*, Civil Action No. H-14-2427, 2014 WL 5877909, at *2 (S.D. Tex. Nov. 11,

2014) ("When tort claims have their nucleus in an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bard the tort claims as well.").

C. **Promissory Estoppel Claim**

In support of their promissory estoppel claim, Plaintiffs allege, in addition to the background facts set forth above, that:

18. The actions committed by Wells Fargo constitute promissory estoppel because:

   A. Wells Fargo made a promise to Terna;

   B. Terna reasonably and substantially relied on the promise to their detriment;

   C. Terna's reliance was foreseeable by Wells Fargo; and

   D. Injustice can be avoided only by enforcing Wells Fargo's promise.

Plaintiffs' Original Petition (Document No. 1-3 at 6).

"To state a claim for promissory estoppel a plaintiff must plead (a) a promise, (b) foreseeability of reliance by the promisor, (c) substantial and reasonable reliance by the promise to its detriment, and (d) enforcement of the promise is necessary to avoid injustice." *Motten v. Chase Home Finance*, 831 F. Supp.2d 988, 1002 (S.D. Tex. 2011) (Harmon, J.). A claim of promissory estoppel generally cannot be used to circumvent Texas' Statute of Frauds which requires certain "promises" to be in writing. TEX. BUS. & COM. CODE § 26.02(b). It is only when the promise at issue is "a promise to sign an already existing written agreement that would satisfy the statute of frauds," that promissory estoppel can survive the application of Texas' Statute of Frauds. *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, 2011 WL 6250785 at *8 (S.D. Tex. 2011) (Rosenthal, J.); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256-57 (5th Cir. 2013) ("Promissory estoppel may overcome the statute-of-frauds

10

requirement in Texas, but 'there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds.'"); *Leach*, 892 S.W.2d at 959 ("When seeking to estop the assertion of an otherwise valid Statute of Frauds defense, the oral promise relied upon must be to sign a written agreement that satisfies the statute, or there must be substantial reliance upon an oral misrepresentation that the statute has been satisfied.").

Here, the promise at issue is alleged to have created an "oral contract." Such an oral contract is unenforceable given Texas' Statute of Frauds. TEX. BUS. & COM. CODE § 26.02(b). In addition, the promise at issue is not alleged to have been a promise "to sign an existing written agreement that would satisfy the statute of frauds." As such, Plaintiffs' promissory estoppel claim is barred by Texas' Statute of Frauds. *Martins*, 722 F.3d at 257.

## V. Conclusion and Recommendation

Based on the foregoing and the conclusion that Plaintiffs have not stated a claim against Wells Fargo for which relief may be granted, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss (Document No. 13) be GRANTED and that Plaintiffs' claims against Defendant Wells Fargo, N.A. all be DISMISSED WITH PREJUDICE for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*,

694 F.2d 89 (5th Cir. 1982), *cert denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _20th_ day of November, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE